# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **PEDRO RODRIGUEZ,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:18-cv-01501 |
| ) | |
| **PEKING GOURMET INN, INC.** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT PEKING GOURMET INN, INC'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, DEFENDANT, Peking Gourmet Inn, Inc. ("Peking Gourmet" or "Defendant"), by and through its undersigned attorneys, Bonner Kiernan Trebach & Crociata, LLP, and files its Answer to Plaintiff's Complaint.

## ANSWER

In specific answer to the enumerated paragraphs of the Complaint, Defendant states as follows:

1. Paragraph 1 contains legal conclusions and/or opinions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 1 and demands strict proof thereof.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Mr. Rodriguez's residency set forth in Paragraph 2, and therefore denies the same and demands strict proof thereof. Defendant admits that Mr. Rodriguez previously worked for Defendant.

3. The allegations in Paragraph 3 are admitted.

4. The allegations in Paragraph 4 are admitted.

5. The allegations in Paragraph 5 are admitted.

6. Defendant admits that Plaintiff worked as a kitchen employee from approximately May 23, 2015 to approximately July 23, 2018.

7. The allegations in Paragraph 7 are denied.

8. The allegations in Paragraph 8 are denied.

9. The allegations in Paragraph 9 are denied.

10. Paragraph 10 contains legal conclusions and/or opinions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 10 and demands strict proof thereof.

11. Paragraph 11 contains legal conclusions and/or opinions regarding the Fair Labor Standards Act to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 11 and demands strict proof thereof. Defendant denies the remaining allegations in Paragraph 11.

12. Paragraph 12 contains legal conclusions and/or opinions regarding the Fair Labor Standards Act to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 12 and demands strict proof thereof. Defendant denies the remaining allegations in Paragraph 12.

**REQUESTED RELIEF**

13. Defendant denies the allegations set forth in paragraphs 1 – 5 of the section entitled "Requested Relief" and rejects the relief requested by Plaintiff.

# AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim and/or cause of action upon which relief can be granted.

2. Defendant denies that Plaintiff is entitled to recover any damages whatsoever.

3. At all times relevant hereto, Defendant acted in good faith and did not violate any rights that may be secured to the Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

4. Any and all wages owed to Plaintiff have been paid in full. Plaintiff's claims may be barred in whole or in part by payment.

5. Plaintiff's claims are barred by the doctrines of waiver, release, estoppel, collateral estoppel, laches, accord and satisfaction, unclean hands, fraud, *res judicata,* and any other equitable defense(s) found to be factually merited during the course of discovery in, or trial of, this action.

6. Plaintiff failed to mitigate his damages reasonably as a matter of law.

7. Plaintiff's claims are barred in whole or in part by his failure to satisfy the statutory prerequisites and/or requirements of the Fair Labor Standards Act, or other applicable statutes or regulations.

8. Plaintiff's damages are barred or limited based upon payments and/or compensation/benefits received by Plaintiff, and/or Defendant is entitled to a credit and/or set-off for same.

9. Plaintiff's damages, if any, were caused by the acts, omissions and/or third party conduct and/or intervening or superseding causes over which this Defendant had no control and for which this Defendant is not liable.

10. Any allegation that is not specifically admitted is hereby denied.

11. Defendant denies that it is indebted to the Plaintiff in any amount.

12. Plaintiff's claims are barred in whole or in part by applicable statute(s) of limitations.

13. Defendant reserves the right to assert other affirmative defenses as may be revealed through discovery or at trial.

WHEREFORE, Defendant, Peking Gourmet Inn, Inc., by counsel, prays that this Court dismiss the Complaint filed by the Plaintiff and enter judgment in its favor allowing costs expended on its behalf.

Respectfully submitted,

PEKING GOURMET INN, INC.

By Counsel

/s/ *Matthew H. Johnson*
Matthew H. Johnson, VSB #85094
1233 20th Street, N.W., 8th Floor
Washington, D.C. 20036
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
mjohnson@bonnerkiernan.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing *Answer* was served electronically through PACER on this 26th day of December, 2018 upon:

Nady Peralta, Esq, VSB # 91630
6066 Leesburg Pike, Ste. 520
Falls Church, Virginia 22041
Telephone: (703) 720-5603
Facsimile: (703) 778-3454
nady@justice4all.org
*Counsel for Plaintiff*

/s *Matthew H. Johnson*
Matthew H. Johnson